**BUCKLEY MADOLE**

October 9, 2014

*Via ECF*
Hon. Renee Marie Bumb, U.S.D.J.
United States District Court, District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

    Re: Zieger v. J.P. Morgan Chase Bank, N.A., et al.
       Civil Action No.: 1:14-cv-02110-RMB-AMD

Dear Judge Bumb:

This firm represents Defendants, JPMorgan Chase Bank, National Association (incorrectly plead as "J. P. Morgan Chase Bank, N.A." and "Chase Home Finance, LLC"), MERSCORP Holdings, Inc., Mortgage Electronic Registration Systems, Inc. (incorrectly plead as "MERSCorp, Inc. (MERS, Inc.)") and Federal National Mortgage Association (plead as "Fannie Mae") (collectively, the "Institutional Defendants"). On June 6, 2014, the Institutional Defendants filed a motion to dismiss the complaint filed by plaintiffs Dawn M. Zieger and John F. Zieger (collectively, the "Plaintiffs"). The motion to dismiss is currently pending and unopposed by the Plaintiffs.

On September 15, 2014, Plaintiffs filed a motion seeking leave to amend their complaint. On September 18, 2014, the Court issued an Order denying Plaintiffs' motion because it violated Local Rule 7.1(f) due to their failure to submit a copy of the proposed amended complaint with the motion. The Order permitted the Plaintiffs to file a renewed motion for leave to amend their complaint within 20 days. The Plaintiffs failed to do so. Instead, the Plaintiffs simply purported to file an amended complaint on October 7, 2014. However, the Plaintiffs are indisputably outside the time period set forth in Fed. R. Civ. P. 15, which permits a party to amend its pleading once as a matter of course only within a certain prescribed period.

BUCKLEY MADOLE, P.C. | A Professional Corporation Incorporated in the State of Texas

New Jersey Managing Attorneys: Richard P. Haber, Esq. | Anthony J. Risalvato, Esq.

99 WOOD AVENUE SOUTH, SUITE 803, ISELIN, NJ 08830 | P: 732.902.5399 | F: 732.902.5398 | BUCKLEYMADOLE.COM

**BUCKLEY MADOLE**

Because of the Plaintiffs' various procedural deficiencies in their attempt to file an amended complaint, the Institutional Defendants do not consider the October 7, 2014 "filing" to be the operative pleading in the case. Accordingly, the Institutional Defendants do not intend to move, answer or otherwise address the purported amended complaint unless instructed to by the Court. If the Court indeed gives no such instruction, the Institutional Defendants will proceed under the assumption that the Court will review and give a ruling on the Institutional Defendants' pending, unopposed motion to dismiss.

Respectfully yours,<br>
Buckley Madole, P.C.

By:   /s/ Richard P. Haber
       Richard P. Haber, Esq.

cc:    Dawn M. Zieger, *pro se*
       John F. Zieger, *pro se*
       Edward W. Kirn, III, Esq.
       Jeanette J. O'Donnell, Esq.

BUCKLEY MADOLE, P.C. | A Professional Corporation Incorporated in the State of Texas

New Jersey Managing Attorneys: Richard P. Haber, Esq. | Anthony J. Risalvato, Esq.

99 WOOD AVENUE SOUTH, SUITE 803, ISELIN, NJ 08830 | P: 732.902.5399 | F: 732.902.5398 | BUCKLEYMADOLE.COM